UNITED  STATES  DISTRICT  COURTS
FOR  THE  NORTHERN  DISTRICT  OF  ALABAMA
NORTHWESTERN  DIVISION
HUGO  L.  BLACK  U,S,  COURTHOUSE
1729  FIFTH  AVE.  35203

CARL  SHAWN  McCLAIN; PLAINTIFF

£

-V-                                                CIVIL ACTION NO; CV-10-PT-3300-

£

STATE  OF  ALABAMA,                                              N E

£

LAUDERDALE COUNTY  JAIL

COUNTY  COMMISSIONERS,

JAIL ADMISISTRATORS,

SHERIFF,

HOSPITAL, MEDICAL CARE PROVIDERS;

DEFENDANTS;        ET AL.,

---

COMPLAINT OF Mr. CARL  SHAWN  McCLAIN;

I[i]:   In this civil rights action, plaintiff Carl  Shawn  MCClain

[hereinafter, McClain]: McClain files complaint against Lauderdale

County Jail Administrators, officials, County Commissioner,

Hospital Medical Care Providers for his Pretrial Confinement

in : 2010, Afr. 21st.    where he was  injured at the Lauderdale

County Detention Center due to the deliberate indifference of

government officials  responsible for his protection and care.

[ii]:    Pretrial detainees are protected by due process clause

of Fourteenth Amendment. U.S.C.A. Amend. 14; Valoncia V. Wiggens

981 F. 2d  1440, 1445 (5th Cir.) Cert. den., 509 U.S. 905, 113

S.Ct. 2998, 125 L.Ed. 2d  691 (1993): Dean V. Barber 951 F.2d

1210 (C.A.11(Ala.1992): Rufo V. Inmates of Suffolk County Jail,

502 U.S. 367, 112 S.Ct. 748 (U.S.MASS.1992):

Official in this action ignored requests for immediate treatment
of pretrial detainee in excruciating pain resulting in a torn
fron:_____ and outer cartiledge pocket was destroyed in
the knee and was denied. See Crosby V. Monroe County at  394
F. 3d 1328 (C.A.11 (Ala.) 2004).   This case involves a range
of difficult related issues that confront officials, administrator's,
policy makers, jail house medical care providers who failed to
pprovide treatment as a result of:
deliberate indifference."Harris V.Angelina County 31 F. 3d at
331, 334-35 (5th Cir. 94):

[iii]:  In April 21st,2010 "Carl Shawn McClain [McClain] a pretrial
detainee was a trustee for the Lauderdale County Detention Center.
Carl Shawn McClain was on duty  of the jail administrator's as
trustee for the Lauderdale detention center. Defendant's violated
McClain's Constitutional rights and the administrator, Sheriff
was  guilty of negligence as well, all of which were proximate
causes of injury. McClain request Jury,  $70,000.00 in compen-
satory damages,pain and suffering against Sheriff Ronnie Willis
defendant [#V infra]: and Detention center administrator "Jackie
Keenum defendant [#7 infra]: and $200,000.00 in punitive damages
against his deputy. There is sufficient evidence that defendants
violated the plaintiff's Constitutional rights in this action.
See Gates  V. Collier 349 F. Supp. 881,894 (N.D. Miss. 1972)&Mayoral
V.Sheahan 245 F. 3d 934,940-41 (7th Cir. 2001):Nicholson V. Chock-
taw County Ala. 498 F. Supp. 295, 309 (S.D.Ala. 1980): Smith
V. Arkansas Dep't. of cor. 103 F. 3d 637,644 (8th Cir. 86):

B

mCcLAIN WAS EXITING THE DRY GOODS ROOM IN ROUTE TO THE KITCHEN
SERVING HIS DUTY AS TRUSTEE FOR 1AUDERDALE COUNTY dETENTION cENTER
WHEN HE TRIPPED OVER A BASKETBALL THAT **HAD BEEN LAYING** IN THE
FLOOR OF THE ROOM.fARMER v. bRENNAN 511 u.s. AT 832: wILSON v.
sEITER 501 u.s. 294, 304, 111 s.cT. 2321 £1991•: hELLING v.
mCKINNEY 509 u.s. 25,32, 113 s.cT. 2475 £1993•: sEE ALSO rHODES
v. cHAPMAN 452 us AT 347 £sTATING EIGHTH aMENDMENT PROHIBITS
CONDITIONS THAT DEPRIVE INMATES OF THE MINIMAL CIVILIZED MEASURE
OF LIFES NECESSITIES.•:Johnson V. Lewis 217 F. 3d 726,731 £9th
Cir. 2000•:

[iV]: McClain was exiting the dry goods room with [4] four
one gallon cans of food. As McClain turned to exit the room
he tripped over a basketball that had been left laying in the
floor of the  room. McClain had on previous occassion's mentioned
this as being a hazard, unsafe working condition to Mrs. Mary.
_____:The trustee ₲ head and **asked** would she please see
to it, **that** it didn't continue to be left in the floor of the
kitchen area.  Mrs.Mary _____ had also been asked by inmate
Jeff Hill to see to this problem. Mrs. Mary _____ inspected
the dry good's room the morning of this incident. April 21st
occurred because of unsafe working conditions to lead to this
accident.

   After tripping over the basketball McClain twisted his right
knee in the fall landing directly on right knee slambing **onto**
the concrete floor when he experience excruciating pain and **knee**
immediately begun to swell. McClain was disabled on the floor
about to lose Consciousness.

₿=-------------➤3- Carl  Shawn  McClain :Pro SE: -----₿

[v]:   tHEREAFTER, McClain was picked up and moved to a bed in

the infirmary given  ibuprofin and an Ice Pack by a nurse.

Approximately  1  hour or so  McClain was moved to isolation

on C hall of Lauderdale Detention Center and was allowed to use

the only available Wh$el chair on the premisess for a few days.

McClain was then advised that he would have to get his own wheel

chair and Lauderdale Defendant's, Agent's, medical care provider's

took the wheel chair leaving McClain unable to walk [I"infra].

McClain's mother "Mrs'Judi McClain brought a wheel chair to

McClain held as pretrial detainee at Lauderdale County Jail.

[I][ii] "Supra"].Incident was also witnessed by video camera.
In this complaint,McClain alleges that he was & bedridden due

to his leg injury that defendant's refused to give him help he

needed to properly clean his person.He also alleges that because

the defendant's failed to give him a wheelchair, he was forced

to crawl on the floor.These allegations are sufficient to state

a claim of cruel and unusual punishment in violation of the

Eighth Amendment.See Estelle V. Gamble,429 U.S. 97, 102-103,

97  S. Ct. 285,290, 50 L. Ed. 2d 251 (1976).It is not necessary

that the prison officials consciously sought to inflict pain

by withholding treatment; it is sufficient to show deliberate

indifference to an inmates serious medical needs.Molton v. City
 of Cleveland, 839  F. 2d  240,243 (6th cir.1988)

---

[i]:  Cummings V. Robert's 628 F. 2d 1065, 1068 (8th Cir.1980)(
Alleged refusal of prison official's to clean inmate or provide
wheelchair when he was bed ridden with back injury forcing him
to crawl across floor stated Eigth Amendment Claim):Johnson V.
Hardin County 908 F. 2d 1280,1284 (6th Cir.90):

[Vi]:    McClain layed unmobile until on or around the 28th of

May 2010, where he was seen by the jail "Dr. _AUSTiN_        who

advised McCLain that his injury was a minor sprain and that McClain

was fine and needed to go to population.McClain tried to stand

and his knee collapsed to the inside and  McClain was taken back

to an isolation cell on C-hall of Lauderdale detention facility.

As a pretrial detainee,"McClains rights exist under the due process

clause of the Fourteenth Amendment to the U.S.Const. See City

of Revere V. Massachusetts Gen.Hosp. 463 U.S. 239,244, 103 S.Ct.

2979,2983, 77 L.Ed. 605 (1983):Ponte V. Real 471 US 491,562

end note  #2, 85  L .ed 2d 553, 105  S ct.2192): Alabama adoption

of a remedial rule to insure provision of constitutionally required

medical care is a legitimate exercise of the state's authority

to govern its own internal affairs.Even if this court were to

review the states remedies,[II.[iV] Supra, "Infra Defendant's]:

it should do so with deference. McClain constitutional right's,

Defendant's constitutional obligation to provide ✝ nbcessary

medical care for detainees in its custody includes, at leaᴛt

in the first instance, the obligation to pay for that care.See

Youngberg V. Romeo 457 US 307,312,,73 L Ed 2d 28, 102 S.Ct.

2452 (1982):Norris v Frame, 585 F 2d 1183,1187 (CA3 1978): Low

V Armistead, 582 F 2d 1291 (CA4 1978), cert.den., sub nom Moffit

V Loe, 446 US 928, 64 L Ed  2d 281, 100 S Ct 1865 (1980).Whatever
the standared may be,Defendant's are to fullfill there constitutional
obligation by seeing McClain,promptly taken to a hospital,provided
treatment necessary for his injury.As long as the by governmental
entity ensures that the medical care needed is in fact provided,
the constitution does not dictate how the cost of that care should
be allowed,allocated as between the entity and the provider of
that care.That is a matter of State Law.If, the governmental
entity can obtain themedical care needed for a detainee only
by paying for it, then it must pay.

Mann V. Tasor Intern. Inc. 588 F 3d 1291,1306 (C.A.11 (GA) 2009):
Pembaur V. City of Cincinnati, 475 U.S. 469, 106 S.Ct. 1292,
89 L.Ed. 2d 452 (1986):There, the Supreme Court held that when
a particular course of action is directed by those who establish
governmental policy, the municipality is equally responsible.Id.
106 S.Ct. at 1299.See also City of St. Louis V. Praprotnik,
485 U.S. 112, 108 S.Ct. 915, 99 L.Ed. 2d 107 (1988).

[Vii]: From the 21st day of the incident, into the 29th day
of :_____, McClain was allowed to finally take a shower.
Lauderdale defendant's deprived McClain of basic hygiene and
threatened his physical and mental well being. See Tillery V.
Owens 719 F. Supp. 1256,1272 (W.D. Pa. 1989) aff'd. 907 F. 2d
4181 (3d cir. 1990):See Walker V. Mintzes 771 F. 2d 920, 928-
29 (6th Cir. 85))(holding lower court order requiring inmates
in administrative segregation to be aqllowed to shower at least
once per week, and inmates in general population to be allowed
to shower at least three times per week.).

  McClain was allowed to take no showers for 9 days. McClain
received his second shower the second of :_____m, and 3rd
shower the 4th of May.

[Viii]:Lauderdale medical health care providers brought a portable
ex ray machine to the detention center on the 5th of :_____
and an exray was taken on /McClain.The technition informed McClain
that if it was ligament's of cartiledge the Ex Ray would show
him nothing on the 6th day of:____, McClain saw Dr.:*Austin*again
when he said the X-Ray was fine, that McClain had a sprang :__
_____ and :_____.Dr. *Austin* advised McClain he
neede to quit trying to pull something and get out of the chair
**B**------------- -6-  Carl  Shawn  McClain : Pro ?SE; -------- **B**

and walk as if taunting McClain and enjoying what he was doing.
McClain stood and againattempted to walk and again his knee buckled,
McClain fell again experiencing excruciating pain. Dr. *Austin*
began taunting and threatening McClain evidencing malicious sadistic
intent.Dr. *Austin* called McClain a lier. In Estate of Davis
V. Delo 115 F. 3d 1388, 1392 (8th Cir. 1997)(Streeter V. Woodard
7 F. Supp. 2d 1215,1216 (N.D.Ala. 1998):(evidence of taunting
and threatening of inmate the day after official beatt him ab at
this.

THE COURT WILL PLEASE CONSIDER THE PETITION IS NOW TYPED ON
CARBON PAPER WHEREBY TYPEST CANNOT SEE RESULTS UNTIL AFTER TYPED
PRODUCXED BY CARBON PAPER,1IMESTONE CORRECTIONAL fACILITY lAW
lIBRARY IS OUT OF tYPE wRITER rIBBON'S.tHIS PETITIONER ONLY HAS
ACCES TO LIBRARY tUESDAY'S AND fRIDAY'S pER lIMESTONE CORRECTIONAL
fACILITY pOLICY.lAW cLERK ADVISE iNMATES THAT nEXT WEEK tYPE
wRITER RIBBONS WILL BE AVAILABLE.
tHE dUE PROCESS cLAUSE OF THE fIFTH AND fOURTEENTH aMENDMENT'S
PROHIBIT EXCESSIVE FORCE AGAINST PRETRIAL DETAINEES.pOWELL v.
wARDEN gARDNER 891 f. 2D 1039,1044 (2D CIR. 89):mCdOWELL v. rOGERS
863 f. 2D 1302,1306 (6TH cIR.88): pIERCE v. mULTNOMA cOUNTY 76
f. 3D 1032 (9TH cIR.) Brothers V. Klevenhagen 28 F 3d 452,456
(5th Cir. 94):Wilkins V. May 872 F. 2d 190,192 (7th Cir. 89):
Cottrell V. Caldwell 85 F. 3d 1480,1490 (11th Cir. 1996): Harris
V. Chapman 97 F. 3d 499, 505-06 (11th Cir. 96): Hudson V. McMillian
503 U.S. 1 at 16 (Blackman J):Paine V. Johnson 689 F. Supp.2d
1027,1059 (N.D.Ill.2010): Harris V. Chapman 97 F. 3d 499, 505
(C.A. 11 (Fla.) 1996):

iX:  May 10,2010 , McClain was moved to the Hole Lockdo  was

allowed to shower 6 days between his last shower.[See Par. Vii

"Supra"]:  McClain was moved back to C- hall of Lauderdale detention

center Isolation May 14, 2010.At this point McClain asked Mrs.

Jacklin Keenum "Lauderdale Detention Center administrator why

he was being punished, why he was not allowed the same amenities

as the other inmates,TV, Telephone, Shower access,. She got mad

yelling McClain was under observation and that's just how ⊕ it

was. If McClain did'nt like it Sue!

   The first amendment prohibit's ℵ jail and prison officials

from retaliating against inmates who report complaint's, file

grievances, or file lawsuits. Thaddeus-X V. Blatter 175 F. 3d

378, 394 (6th Cir.99):Babcock V White 102 F. 3d 267,275 (7th

Cir. 96): Penrod V. Zavaras 94 F. 3d 1399, 1404 (10th Cir. 96):

See also Crawford-El V. Britton 523 U.S. 574,588 n.10, 118 S.CT.
1584 (1998)(Stating that [t]he reason why...retaliation ρ offehds
the constitutiop is that it threatens to inhibit exercise of
the protected right). Retaliation can take many form's, e.g .,refusing
to provide hygiene materials, reading or interfering with an
inmates legal papers, placing an inmate in segregation or poor
living conditions, transferring an inmate to a different cell
or different prison, threats, Thaddeus-X V. Blatter 175 F. 3d
at 386: See also Allah V. Seiverling 229 F. 3d at 224- (allegedly
retaliatory placement of inmate in administrative segregation
was actionable, even if confinement there did not give rise to
protected liberty interest): Zimmerman V. Tribble 226 F. 3d 568,
573 (7th Cir. 2000):(Even though inmate did not state claim for
denial of access to library otherwise permissible conduct can
become impermissible when done for retaliatory reasons). Marsh
V. Butler County Ala. 225 F. 3d 12431258 (C.A.11(Ala.) 2000):
Landcaster V. Monroe County Ala. 116 F. 3d 1419,1425 N.6 (11th
Cir. 97): Bell V. Wolfish 441 U.S. 520, 535 N.16, 99 S.Ct. 1861,1872
N. 16, 60 L.Ed. 2d  447 (1979)(due process violation) with Estelle
V. Gamble 429 U.S. 97, 104, 97 S. Ct. 285, 291. 50 L.Ed. 2d
251 (1976).

                    -8-  Carl  Shawn  McClain :Pro SE:

XX:[i]:McClain had his next shower on the 18th of may :8 days between his last.See[Vii Supra]:

[ii]: On May 19th , 2010 McClain saw Dr: _Austin_        , and was berrated, called a faker, a lier, that McClasin was just trying to pull some crap. Dr. _Austin_   stood [Stood] over McClain stabbing his finger in his face screeming.

[iii]: McClain had his next shower the 23rd, 5 days after his last. Enriguez V. Kearney 2010 WL 785334 (S.D.Fla. 2010) Pg. 2010 WL 785334 *7:

XX: On the 24th day of May, McClain was taken to a Bone and Joint Clinic to see Dr.Melson and was given more exray's, examined, was advised that there was something probably torn, was given a knee brace and told to come back in one [1] month.

[i]:McClain had his next shower on the 28th,[5] Five days later,[Par. XX[i]"Supra]. His next shower on the [30th]., again on the 4th of June [5] five days later.Claims regarding conditions of confinement for pretrial detainees such as McClain are governed by the fourth Amendment and its objectively unreasonable standard. Williams V. Rodriguez 509 F. 3d 392, 403 (7th Cir. 2007): See Lopez V. City of Chicago 464 F. 3d 711, 719 (7th Cir. 2006): Paine V. Johnson 689 F. Supp. 2d 1027,1059 (N.D.Ill. 2010):

XXii: Onm thge the 10th, of June 2010, McClains cell was needed, McClain was transferred to population wheel chair and all. McClain was able to shower there but he had nothing to sit on in the shower and it was [6] six day's after his last one. McClain had to clean himself with toilet water.

[i]: Lauderdale' F Jail administrators acted with deliberate in                      -9-  McClain:Pro SE;

Indifference to the needs of McCain [McClain] who had a serious handicap or disability:See Lafaut V. Smith 834 F. 2d 389, 392-94 (4th Cir. 1987):(Prisoner confined to wheelchair was forced to endure extreme and dangerous difficulties as a result of bveing placed in facility without adequate toilets or access provisions).Bradley V. Puckett 157 F. 3d 1022, 1025-26 (5th Cir. 1998)(inmate stated eighth [Eighth ] Amendment claim by alleging that he was unable to take shower because of leg brace and had to clean himself with toilet water, resulting in fungal infection):Johnson V. Hardin County 908 F. 2d 1280,1284 (6th Cir. 1990)(innate with back injury who was denied wheelchair stated eighth Amendment clkaim):Claim.


XXiii:  McClain  was returned to the bone and joint clinic on June 22nd, 2010. A Dr. Melsom s advised McClain nothing could be done without an MRI. McClain was taken to the  hospital a couple weaks later and given an MRI, returned to the bone clinic on the 20th of July.   Dr. Melson advised McClain that he had a torn front  arterial and the outer cartledge pocket was destroyed. Dr. Further advised  McClain  that the cartledge was probably ware and tare.  That McClain would live with the littgant ligament for a few years.  Only if McClain was a very active person would he suggest surgery.  That he knew a guy that had the same thing got surgery, caught staph and had to loose his leg.   McClain told him that he wanted it fixed.De. Said No !

 As McClain's mother [Judi McClain] and wife [Julie Minter] found out the result's.Officer "Keenun, Jackies husband threatened them, acted like he was  going to hand on taser them and forced them to leave the premesis.  -10-McClain:B

[I]: mCcLAIN ALLEGES THAT THE OFFICERS ACTED WITH DELIBERATE
INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS PURSUANT TO A POLICY
AND CUSTOM OF DISCRIMINATORY ACT, DISCRIMENATORILY ABUSING SICK
AND INJURED INMATES:

[II]: mCcLAIN ALSO ALLEGES THAT JAIL ADMINISTRATOR, THE SHERIFF
WAS RESPONSIBLE FOR THE DEVELOPMENT AND IMPLEMENTATION OF POLICY
AT THE JAIL PERTAINING TO TREATMENT OF SICK AND INJURED INMATES.
CAUSALLY LINKED TO HIS CONSTITUTIONAL DEPRIVATION.

See Hill V. Dekalb Reg/Youth Det.Ctr. 40 F. 3d 1176,1187 (11th
cir.1994)(defining a serious medical need as one that has been
diagnosed by a physician an mandator, mandating treatment or
one one that is so obvious that even a lay person would easily
recognize, the necessity for a doctor's attention.    The required
causal link.Connection between the officials act's or ommissions
and the plaintiff's injury.[P]ersonal participation is  only
one of several ways to establish the requisite causal connection.
An official may also be liable where a policy or custom that
[he],[she] established or utilized result's in deliberate in-
difference to an inmates constitutional rights. Zatler V. Wain-
wright 802 F. 2d 397, 401 (11th Cir.):(internal citations omitted).
 See Swint V. City of  Wadley Ala. 51 F. 3d ❽ 988,999 (11th cir.95)(
Liability maybe imposed due to the existence of an improper policy
or from the absence of a policy").[Emphasis added)(quoting  Rivas
V. Freeman 940 F. 1491, 1495 (11thj Cir.91):

[XXiv]: On :_____, De. Austin of the Bone Clinic

released McClain to the care of Lauderdale County Sheriff's

department Ronnie Willis and jail administrator "Jackie Keenun

signed a discharge sheet which instructed the Sheriff's depastment

to follow specific procedures to care for McClain's wound's and

other injuries. The sheriff's department did not follow the

direction's given by medical personnel. Instead, back at the

jail, pursuant to defendant's policy and custom of taking McClains

wheel chair from what ever animosities felt against Mr. McClain

by official's having him custody and responsibilities of the

badge of law wherein clocked under color of law and authorities

to provide such abuse. McClain fell the next morning trying

to get to the pan hole to get his food, where he in the fall

turned his knee again,slinging his tray collapsed. McClain was

immediately put in the hole accused of slinging his tray. The

next day McClain was wheeled back to Dr. Austin and in the presence

and witnessed by two [2] jailer's. Dr. Austin Commanded "You

can walk or crawl. Dr. Told officer's that McClain could get

back to his cell the best way he could. If McClain fell they

was to not help him. He did'nt care if McClain had to crawl

like the pig that he was !

Mrs. Keenum was in there also saying that she had her belly

full of McClains Shit. She ordered. Now get you'r ass up and

be a man not a pussy and walk !

Mrs. Keenum followed 30-40 paces down the hall belittling McClain

staggering as he managed to move along the wall having to hold

on the the wall.Mrs. Keenum re-stated to the officer's that Mc-

**B** -12- McClain **B**

-clain was to receive no help.Mckeenun left. McClain clasp tightly

to the wall for a couple of week's as he tried to walk impared

[impaired].See Cumming's V. Robert's 628 F. 2d 1065,1068 (8th

Cir.19080)(Alleged refusal of prison official's to clean inmate

or provide wheel chair forcing him to crawl across floor stated

eighth Amendmant [Amendment] claim). Winter's ex rel. Estate

of Winter's V. Arkansas Dep. of Health and Human 437 F.Supp.

2d 851,899, Wunkat V. Montgomery county 471 F. Supp. 2d 759,

766 (S.D.Tex. 2007): Lafaut V. Smith 834 F. 2d 389, 391 (C.A.4

(N.C.) 1987): Mann V. Taser Intern.Inc. 588 F. 3d 1291,1307

(C.A.11(GA) 2009): Harper V. Lawrence County Ala. 592 F. 3d

1227,1236 (C.A.11 (Ala.) 2010): Townsend V. Jefferson County

601 F. 3d 1152,1158 (C.A. 11 (Ala._) 2010):


XXV: Aug.13th,2010 McClain fell getting out of the shower. Mc-

Clain was taken to the hospital treated and returned. Returned

later that night and placed in the floor in multi room drunk

tank injured.All of McClains commisary and clothes were taken.Approximately

$80.00 dollar's in value.

,McClain was allowed a shower once a week until Aug. 31st thereafter

McClain was placed in population until he was shipped to Kilby

prison "Sept.27th.

During the interval's, MCClain requested compolaint forms,1983

forms, Grievance procedural complaint form's and was denied and

told by Mrs. Keenum that she was fed up with McClain and denied

requests.

McClain states a claim under Estelle V. Gamble, 429 U.S. 97,

97 S.cT. 285, 50 l.eD. 2D 251 (1976), WHERE THE sUPREME COURTHELD
THAT DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS OF PRISONERS
CONSTITUTES THE "UNNECESARY AND WANXON INFLICTION OF PAIN."gREGG
v. gEORGIA 428 u.s. 153,173, 96 s.cT. 2909, 49 l.E.D 2D 859
(1976)(JOINT OPINION),PROSCRIBED BY THE eIGHTH aMENDMENT. This
is true whether the indifference is manifested by prison doctors
in their response to the prisoner's needs or by prison guards
in intentionally denying or delaying access to medical care or
intentionally interferring with the treatment once prescribed.
Regardless of how evidenced, deliberate indifference to a prisoner's
serious illness or injury states a cause of action under $ 1983.
Id. at 104-105, 97 S.Ct. at 291 (footnotes omitted).


[XXVi]: Par. I through XXV incorporated]: With Igbal V. Hasty
490 F. 3d at 165 (holding that detainee was entitled to proced-
ural protections based directly upon the Due Prodess clause where
he was Subjected to conditions so harsh as to comprise punishment
as well as under Federal regulatibns that created a liberty
interest, regardless of defendant's punitive intent): See Marsh
268 F. 3d at 1029.
[i]: Dr. Austin,:Dr. :medical official is also responsible
for information he gets during his examination of an inmate.
Green V. Branson 108 F. 3d 1296,1303 (10th Cir. 97):McElligott
V. Foley 182 F. 3d 1248,1256 (11th Cir. 99):(inmates nearly con-
stant comp-laint's about the pain he was having along with doct-
or's examination were sufficient to put doctor and nurse on not-
ice of substantial risk of serious harm). Loe V. Armstead 582
F. 2d 1291,1296 (4th Cir.78):Murphy V. Walker 51 F. 3d 714,720

(7th Cir.95): Bryan V. Endell 141 F. 3d 1290,1291 (8th Cir.98):
Brown V. Hughes 894 F. 2d 1533,1538 (11thgir.90):

6: Pretrial detainees have a right under the Fourteenth Amendment
to adequate medical treatment, a right that is analogous to the
right of prisoners in under the Eighth Amendment.Estate of Carter
V. City of Battle Creek 273 F. 3d 682, 685-86 (6th Cir.2001):
Goebert V. Lee County 510 F. 3d 1312,1326 (C.A.11 (Fla.) 2007):
McClain alleged that officer's acted with deliberate indifference
to his serious medical needs April 21st,2010.McClain began to
limp,hop on one leg, that his leg began to swell severely, that
he told administrator official's his leg felt as though it were
broken.McClain offer's  evidence that defendant's Keenum, were
aware of his injury on the day it occurred. Whether any nurses
were present at the jail that day, once employed was sufficient
to ensure McClains leg was treated promptly. McClain has alleged
that officials singled him out for unequal treatment by throwing
out his belongings that were left in the cell,McClain;s repeated
assertions thatt his property had been destroyed.PRexisting law
clearly established that McClain was entitled to the medical
treatment that the doctor's had tp prescribe for his injuries.
The Supreme Court held in 1976 that deliberate indifference is
shown not only by failing to provide prompt attention to an inmates
medical needs, but also by intentionally interfering with treatment
once prescribed.Estelle 429 U.S. at 105, 97 S.Ct.  285:See Also
Ancata 769 F. 2d 704.

7:  A:OFFICER: JACKIE  KEENUM;

In this case plaintiff alleges that because officer Keenun failed

tp provide the prescribed treatment.Officer  Keenum violated

McCliains constitutional right to receive medical care. Keenun'

deliberate indifference cause him to suffer harm.See McElliott

V. Foley 182 F. 3d 1248,1254,-55 (11th Cir.99):

Officer Keenum was aware of fact's from which the inference could

be drawn that a substantial risk of serious harm  exist's, and

under the Fourteenth Amendment Due Process clause, however, pre-

trial detainees have a right to adequate medical treatment that

is analogous to the Eigth Amendment right's of prison's. City

of Revere V. Mass.Gen.Hosp. 463 U.S. 239,244, 103 S.Ct. 2979,.

77 L.Ed. 2d 605 (1983):   This court said the standard for ptovid-

ing basic needs to those incarcerated or in detention in the

case, same under both the eighth and 14th amendment.See Hamm

V. Dekalb Ala.,Cty. 774 F. 2d 1567,1573-74 (11th Cir. 85):Landcaster

v. Monroe Cty. 116 F. 3d 1419,1425  N.6  (11th Cir. 97):

8:  The claim for relief does state a cause of action under 42

U.S.C. Section 1985(3) in that the allegations of said claims

does charge the alleged conspiracy and  the alleged damages were

committed under color of  law. Swift V. Fourth National Bank

205 F. Supp.. 563: Bryant V. Donnell 239 F. Supp. 681: Collins

V. Hardyman 341 U.S. 651, 95 L.Ed. 1253, 71 S.Ct.  937.The doc-

tpr's, officer's, were working together.Koch V. Zuleback 316

F. 2d 1.

                    -16-  McClain Carl Shawn:


B

B

9: The plain language of 42 USC Sec. 1985(3) demonstrates that the statute reaches unofficial conspiracies. United States V. Williams 341 U.S. 70, 76, 95 L.Ed. 758, 71 S.Ct. 581, Harris V. U.S. 106 US 629, 637, 27 L.Ed. 290, 1 S Ct. 601. The basis requirement, the guarantee's of ourrconstitution are warrant's for the here and now. and unless there is an overwhelming compelling reason they are promptly to be fulfilled. Watson V. City of Memphis 373 US 526, 10 L.Ed. 2d 529, 83 S.CT. 1314:

10: "Paragrapgs 1 through 9 incorporated":

11: **Thee** allegations in plaintiff's complaint against the defendant's, sued in their individual capacity comply with the hightened requirement of Rule 8, in section 1983 cases against persons sued in their individual capacities.See Oladeninde V. City of Birmingham 963 F. 2d 1481,1485 £11th Cir. 1992•: Arnold V. Board of Excambia County 880 F. 2d 305,309 £11th Cir. 1989•: Fed.R. of Civ. Pr. 8£A• requires that the plaintiff's complaint contain only £1• a short and plain statement of the grounds upon which the court's jurisdiction depends,£2• A short and plain statement of the claim showing that the pleader is entitled to relief, and £3• a demand for judgment for the relief the pleader seek's. In Conley V. Gibson 355 U.S. 41, 78 S.Ct. 99, 2 L.ED. 2d 80 £1957•.

**£**            -17- McClain Carl Shawn:

1²: The defendant's have conspired and under color of law
plaintiff redresses the deprivation under color of law "Civil
Rights, and elective Franchise.State Statutes or ordinance, re-
gulation or usage, or any right, privilege, or immunity secured
by the Constitution of the United States or by any act of Congress
providing for equal citizen's or of all reasons within jurisdiction
of the United States. 28 U.S.C. §§ 1343; 1331;::U.S.Const. Amend.
XiV:"City of Cleburne Living Center 473 U.S. 432, 439, 105 S.Ct.
3249 £1985•: Mississippi University for Woman/ V. Hogan 458 U.S.
718,724-25 £82•:

13: The jail administration in Carswell V. Bay County 854 F.
2d 454 £11th Cir. 1988•: Defendant Keenum in this proceeding
has reason to know that McClain a pretrial detainee, had a serious
medical problem that neede attention. What is relevant is admin-
istrator actually knew of McClains medical condition,how the
administrator, officials handled inmate injuries, in particular,
how she handled McClain. Treat a human being as cruelly as she
treated McClain.
14: Plaintiff Impose upon the State defendanb's a monetary loss
resulting from a Breach of a legal duty on the part of the commission.
Defendant's,State official's."Edelman V. Jordan 415 U.S. 651,668,
39 L.ED. 2d 662, 94 S.Ct. 1347 £1974•:

The county and the board had ultimate authority over the jail.,
failed to adequately fund and staff the jail.Powel V. Barrell
C.A.|1 £GA• 2007•: The operation of the jail trampled upon the
constitutional rights of sentenced inmates and pretrial detainees.

The plaintiff suing defendant's in their official capacity,
is also seeking damages from the State of Alabama. State or it's
officials can be sued in their official capacities and could
be persons under 42 U.S.C. § 1983: Will V. Michigan Depr. of
State police, 109 S.Ct. 2304, 2312 £1989• and Hafer V. Mdo,
502 U.S. 21,22-23 £1991•:

In the light of what transpired at the detention center, beforehand,
the inference is inescapable that Keenun, Dr Austin, acted at
administrators behest. Government officer or employ acts within
the scope of his office or employment for purpose of determining
government liability under 28 USC § 1346£b•::Landcaster V. Mon-
roe County 116 F. 3d 1419,1429 £11th Cir. 97•: There, under
Alabama Law, deputies are a legal extension of the sheriff because
they act as sheriff's agent and can perform any act within [the]
sheriff's authority."Id," £Citing Carr V. City of Florence 916
F. 2d 1521,1526 £11th Cir. 1990•:

McClain request to examine the sheriff, Administrator Jackie
Keenum,"Husband "Officer Keenum," Dr. Austin, Lauderdale medical
care provider's,The Bones clinic Physician who treated McClain,
the officer's Present at the specific incident's occurrence,thereafter,
whether still employed who witnessed Keenun and Dr. Verbal
assault's ordering McClain to crawl and the Bone <<& joint admin-
istrator on disposition.Manders, 338 F. 3d at 1319: [1]: The
essential government nature of the sheriff's office is to !(1)
enforce the law and preserve the peace on behalf of state and
(2) Perform specific statutory duties directly assigned by the
state ,perform sspecific statutory duties, directly assigned
by the state,in law enforcement,State Court's, and corrections.

Manders 338 F. 3d at 1319. With respect to correcting, correction's, in particular. The State requires the sheriff to take custody of pre-trial detainees charged with state and misdemeanor offenses.Id. at 1315. The State also charges the sheriff with providing for the protection and well-being of the detainees in his custodial care. Mayo V. Fulton County 220 GA.App. 825, 470 S.CE. 2d 258,259 (1996):

The State requires, and fund's, annual specicialized training of Sheriff's in law enforcement investigation,judicial process, and corrections practices.Manders 338 F. 3d at 1320.

When any person acting under color of State Law abridges rights secured by the Constitution or United States laws, including a detainee's Eighth and Fourteenth Amendment right;'s,Section 1983 provides redress.U.S.C.A.Const.Amendment's 8 and Fourteen 42 U.S.C.S.SEction 1983.Miller V. Calhoun County 408 F. 3d 803, 812 (C.A. 6 (Mich.)2005. Crosby V. Monroe County 394 F. 3d 1328, 1335 (C.A.11(Ala.) 2004).Cook ex rel.Estate V. Sheriff of Monroe County Fle. 402 F. 3d 1092,1115 (C.A.11(Fla) 2005).

15: Par.1 through 14 incorporated:

16:II; JURISDICTION AND VENUE:

[i]: This court has jurisdiction over this action pursuant to 28 U.S.C.sec.1331,1343(A)(3), and 1343 (A)(4), and the United States Constitution.

17:III:[ii]: The Northwestern District of Alabama is also an appropriate venue under 28 U.S.C.Sec. 1391(b)(2) because a substantial part of the event's or omissions giving rise to the event's to the claims occurred and still occurr in this district.

[IV][III]: pLAINTIFF cARL sHAWN mCcLAIN IS CURRENTLY HELD AT
THE lIMESTONE cORRECTIONAL fACILITY AT 28779 nICK dAVIS rOAD.
hARVEST aL., 35749.mCmILLIAN WAS IMPRISONED AT THE lAUDERDALE
cOUNTY jAIL AT THE TIME OF THE EVENT'S DESCRIBED IN THIS COMPLAINT.
[IV]: tHE DEFENDANT'S lAUDERDALE cOUNTY AND THE lAUDERDALE
cOMMISSION ARE SUED AS THE GOVERNMENT ENTITES RESPONSIBLE UNDER
STATE LAW FOR PROPERLY MAINTAINING OPERATING AND FUNDING THE
JAIL/.aLA.cONST. lAUDERDALE cOUNTY sECTION 4.10,jUDICIAL cOMMISSION.sECTION
4.aLA.cONST.aMEND.NO.140.Lauderdale County Sec.6.Ala.Const.Ala.
Code 1975 Sec. 22-27-5;Ala.Code 1975 sec. 45-17-90.10, Power
to sue and be sued, recovery of damages (b) The recovery of damages
under any judgment against the authority shall be limited to
one hundred thousand dollars ($100,ooo) for bodily injury or
death for one person in any single occurrence.Recovery of dameges
under judgments against the authority shall be limited to one
hundred thousand dollars ($100,000.00) for damage or loss of
property arising out of any single occurrence.Ala.Code 1975 Sec,"s;11-
12-14; 11-12-15[A]: 11-14-10 :11-14-20:11-14-22;11-16𝔽-28;
14-6-19 : 14-6-81; 14-6-96 : 14-6-105: At all times relevant
to the events described herein, 𝔶 the actions and omissions
of Lauderdale County and the Lauderdale County Commission have
been taken under color of law. Commissioner.Dewey Mitchell.P.O.
Box 1059,35631.Defendant,'s et al.,

[V]: Defendant Sheriff Ronnie Willis [Ronnie/ Willis] is sued
in his official capacity as sheriff of Lauderdale County,As
Sheriff of Lauderdale he oversees the general population of the
jail.For he is responsible under state law for the jails general
supervision and control.Ala.Code 1975 §§ 11-14-10;11-14-21;11-
16-29;14-6-1;14-6-4; 14-6-8 ; 14-6-17;14-6-19; 14-6-21 ; 14-6-
40 ; 14-6-94 ; 14-6-95 ; 14-6-96 ; 14-6-97 (1975):Section 11-
3-11 ; Ala.Code 1975 Section 14-6A-4:14-1-8 ; 11-8-3 : Al.Const.
Art. V Sec. 112; Sec. 40-2-11;Ala.Const.LAuderdale County Sec.
6 at all times relevant to the events described herein the actions
and omissions of sheriff have been taken under color of law,
and sheriff has acted as a final policy maker of Lauderdale County
for those aspects of jail operation under his control.Ala.Code
sec. 14-6-1 ; 14-6-2 ; 14-6-41 ;Code of Ala.and 14-6-42 "Supra,";
[Vi]: Defendant Mrs. Mary :Ala,Code 1975 $ 14-6-1, had legal
custody and charge of jails and prisoner's appointment of Jailer.Sec.'s:11-
99B-1 of the Code of Ala., Sec.11-99B-1(16): 11-1-10 :   11-99B-
7(6): authorizes, in connection therewith Ala.Code sec.11-99B-
77:Chapter 99 B of title 11 of the  code of Al.,to exercise any
power expressly granted under this section.Ala.Code  11-99B-7(6):
Sec. 11-99B7(13).Ala.Code Sec. 14-6A-2(10): At the events Jackie
Keenum was acting administrator of Lauderdale detention facility.They
are sued in their individual capacities.
[Vii]: At the time of events Dr. Melson,Austin, Nurses to be
identified in later  proceedings as information come available
to prisoner.They are sued in their individual capacities.Section
14-6-19 of the code of Alabama,

14-6-19 "Supra", Necessary clothing and bedding must be furnished by the sheriff or jailer, at the expense of the county, to those prisoner's who are unable to provide them for themselves, and also necessary medicines and medical attention., to those who are sick or injured.Ala.Code 1975 Sec. 14-6-19: By its very terms, that section applies only to prisoners who are confined in a county jail and its terms have been strictly construed.See Malone V. Escambia County 116 Ala.214,22 So.503 (1897) and Limestone County V. City Huntsville Hosp. Bd. 412 So.2d 792 (Ala.Crim.APp.1982).In City of Revere V. Massachusetts General Hospital 463 U.S. 239, 244, 103 S.Ct. 2979,2983, 77 L.Ed. 2d 605 (1983), The court noted that the injured detainee's constitutional right to receive medical treatment.

iVX:Dr.Austin:Melsom:Nurses are employees of the sherrif's office or contracted with Jail as medical provider to see inmates at the facility and to treat them appropriately.The jail has, on staff, a few licensed practical nurses to assist in collecting complaint's about medical problems and to dispense medications. Sec. 34-23-1, et.seq. of the Code of Ala., provides the basic law in Alabama regulating the practice:34-23-1 itself gives the basic definitions:Ala.Code. sec. 34-23-13 : 34-23-7 ;34-21-1(3)(A) and (b) :Chapter 420-2-1-.12 through.13 of the Ala., Admin.Code provides one additional discipline who may, in certain circumsta nces conditions, that being emergency medical personnel, Sec. 14-6-19 ;11-47-8 required by 14-6-22 Code Alabama 1975. (Amended Act.No.83-837) is the responsibility of the entity in whose custody the subject is held.Ala.Code $ 14-6-22:11-80-3 Code Alabama.

15: Par. 1 through 14 incorporated.Plaintiff Carl Shawn McClain

remedies under 42 U.S.C. sec. 1983 invoked to assert  State in-

fringement of his Federal Constitutional rights.

16:  Defendant officer Keenum is sued in his personal,Individual,official

capacity as officer.The actions and ommissions of officer Keenum

have been taken under color of law whether he was acting on his

own or he was acting pursuant to Jackie Keenun Jail administrator,Custom

or policy notwithstanding the fact that it had been reduced to

writing and the complaint does spell it out as much.He committed

the reprehensible conduct entirely on his own or that he was

acting pursuant to the administrator's custom or policy or explicit

directions. What emerges is the criminal conspiracy that may

charged in an  Indictment.18 U.S.C. sec's:241-245.

17: Invoking 42 U.S.C.Sec. 1983 Par.'s 1 through  16:McClain

claims his constitutional rights were violated by defendant's

policies in Apr. 21,2010 wherein he was pretrial detainee in

Lauderdale detention center.McClain,pretrial detainee repeatedly

requested medical treatment, but was given ineffective treatment

or ignored altogether.See Carswell V. Bay County 854 F. 2d 454

(11th Cir. 1988):
The detainee continued to complain about excrusiating physical

pain,health problems.The jail administrator, despite recognizing

that the  detainee was  emaciated and needed medical attention...denied

detainee.

18:                          count  1;

   Defendant's deliberate indifference to the substantial risk

of serious harm to inmate pretrial detainee at the Lauderdale

County Detention Center, deprived Carl Shawn McClain his rights

under the Eighth and Fourteenth Amendments to the United States

Constitution.

19:                          COUNT II

   Defendant's deliberate indifference to the substantial risk

of serious harm to inmates at the Lauderdale County Detention

Center deprived Carl Shawn McClain of his rights under the Four-

teenth Amendment to the United States Constitution.

20:                          COUNT III

Defendant's deliberate indifference to the serious medical need's

of Carl Shawn McClain deprived him of his rights under the Fourteenth

Amendmen to the United States Constitution.

                         PRAYER  FOR  RELIEF

Wherefore, Plaintiff respectfully pray's that this Court:

1.   Assume jurisdiction over this action.

2:   Declare the act's and ommission's described herein violated

plaintiff's right's under the constitution and laws of the United

States.

3:   Enter judgment in favor of plaintiff Carl Shawn McClain

for compensatory and punitive damages as allowed by law, against

defendant and severally.

4:   Cost's of this  Lawsuit.


B                 -25-  Carl  Shawn  McClain

6.   Order such additional relief as this court may deem just
and proper.

CARL   SHAWN   McCLAIN   #274201

LIMESTONE   CORRECTIONAL   FACILITY ; K DORM

28779   NICK   DAVIS   ROAD

HARVEST AL., 35749

## certificate of service

CARL SHAWN   McCLAIN CERTIFIES THE FOREGOING DEPOSITED THIS
THE : _3_ DAY OF : _Dec_ YEAR 2010 WITH COPY ABOARD DELIVERED
TO PRISON OFFICIALS FOR MAILING.aDAMS v. uNITED sTATES 173 f.
3D 1339,1340-41  (11TH cIR. 99):

_Carl Shawn McClain_

CARL   SHAWN   McCLAIN   #274201

DECLARED UNDER 28 USC §§1746